## AS TO ACCEPTANCE OF SHIPMENT OF APPLES.

Circuit Court of Summit County.

THE WIENER BROTHERS CO. v. H. E. CROUSE.

Decided, April Term, 1909.

*Shipment of Apples at Agreed Price—Consignor Agrees to Allow for Shortage—Held to Apply to Quantity and Not Quality.*

Upon receipt of a shipment of apples consignee wired: "Apples all varieties mixed. Too many bruised and spotted. Release car and if not too much shortage will send check in full. Treat you right." Consignor released the car, consignee sold the apples and remitted for the full quantity of apples shipped, but at a reduced price. In an action for the balance of the agreed price, *Held:* That the word "shortage" referred to the quantity and not the quality of the apples, and consignee having accepted and sold *all* the apples, must pay the agreed price for them.

WINCH, J.; HENRY, J., and MARVIN, J., concur.

The bill of exceptions in this case discloses a contract entered into by Crouse whereby he sold to plaintiff in error and it agreed to buy a carload of apples at $1.65 per hundred pounds delivered on the track at Akron, freight paid. Two-thirds of the apples were to be red in color, mostly Baldwins, and all were to be handpicked and the colors separated in the car. A carload of apples was shipped to Akron consigned to the seller, with orders to deliver to plaintiff in error; upon arrival of the car plaintiff in error inspected the apples and wired Crouse as follows: "Apples all varieties mixed. Too many bruised and spotted.

Release car and if not too much shortage will send check in full. Treat you right.''

Crouse agreed to this proposition, released the car, and the Wiener Brothers Co. took the apples and sold them, but remitted to Crouse for the full quantity of apples at the rate of $1.50 per hundred weight only, less freight and a commission on sales, claiming that the apples were not up to representations and that they had sold them for the best price obtainable for Crouse's account to save him loss, the apples being perishable. Crouse sued for balance of the agreed price for the apples and recovered. The only complaint of plaintiff in error is with regard to the charge in that the trial judge charged among other things as follows:

''As the court has indicated, the quality is a part of the description of the apples agreed to be sold and the plaintiff was bound to furnish apples corresponding with the description. If he tendered apples of an inferior quality the defendant was not bound to accept them. But if it did accept them, it is, in the absence of fraud, deemed to have assented that they corresponded with the description, and it is concluded from subsequently questioning it.

''This imposed upon the defendant the duty of inspection before acceptance, if it desired to save its rights in case the apples were of inferior quality. It could do nothing which was inconsistent with the right of rejection, or do only what was consistent with acceptance and ownership, without precluding itself.

''When the purchaser has a full opportunity to inspect the property but fails to do so, and the representations were not such as should have misled him, he has no right to complain if the property sold does not measure up to the representations of the seller.''

It is said that this charge was misleading because after inspection of the apples the defendant below sent the telegram already mentioned whereby the contract was modified to the extent that it was not to pay in full; if there was too much shortage, and that the evidence clearly disclosed a large shortage. In argument it was claimed that the word ''shortage'' referred to quality as well as quantity, but with this interpretation of the word we can not agree.

The defendant paid for the full quantity of apples shipped, but at a lower price than agreed. He thus conceded that there was no shortage of quantity.

Had he rejected the bruised and spotted apples and paid for the balance at the agreed price, his claims might have been more tenable, for thus would have arisen a shortage perhaps covered by the wording of the telegram.

We find no error in the charge and the jury appears to have . reached a proper conclusion.

Judgment affirmed.